UNITED STATES of America, Appellee,

v.

Jimmie Wayne JEFFERS, Appellant.

No. 77–3141.

United States Court of Appeals,
Ninth Circuit.

Feb. 10, 1978.

Rehearing Denied March 16, 1978.

Robert L. Murray, Tucson, Ariz., for appellant.

Eugene R. Bracamonte, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before WRIGHT, CHOY and TANG, Circuit Judges.

PER CURIAM:

Appellant appeals his conviction for receipt of a firearm by a felon in violation of 18 U.S.C. §§ 922(h)(1) & 924(a). We affirm.

Appellant claims that evidence obtained during a warrantless search of his residence should be suppressed because obtained in violation of his fourth amendment rights. The search was made pursuant to a condition in appellant's probation which provided that:

> You shall submit person and property to search and seizure at any time of the day or night when so requested by a probation officer with or without a warrant and with or without probable cause.

■ We hold that this condition is overly broad in its scope and not in keeping with the purposes intended to be served by the Federal Probation Act. *See United States v. Consuelo-Gonzalez,* 521 F.2d 259, 265 (9th Cir. 1975).

■ Despite the fact that the authority granted in the probation condition is overly broad this circuit has held that, where such authority is narrowly and properly exercised, the search will be upheld. *See United States v. Gordon,* 540 F.2d 452, 454 (9th Cir. 1976). Since the probation officer here had reason to believe that appellant was violating his probation, this search which took place at a reasonable time and in a reasonable manner was proper.

■ The presence of police during the search by the probation officers did not convert the search into a police search violating the fourth amendment. Only after some ten minutes of search of the house by the probation officers alone, did they ask the sheriff's deputies to enter and help tag the many items of stolen property discovered there. A probation officer may enlist the aid of police, and police may be present to expedite a search. *See Gordon,* 540 F.2d at 453; *Latta v. Fitzharris,* 521 F.2d 246, 247 (9th Cir. 1975).

AFFIRMED.