21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Robert Thomas NEARY, Appellant.
 No. 94-1087.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1994.
Filed: April 22, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Thomas Neary appeals the sentence imposed on him by the district court[1] on resentencing. We affirm.
 
 
 2
 Neary pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a), 846. In October 1989, the district court sentenced him to 120 months imprisonment and eight years supervised release. Neary later filed a motion under 28 U.S.C. Sec. 2255. We vacated his sentence and remanded for resentencing because we concluded, among other things, that Neary's counsel had been ineffective in permitting him to waive the government's failure to comply with 21 U.S.C. Sec. 851(a)(1). Neary v. United States, 998 F.2d 563, 566 (8th Cir. 1993).
 
 
 3
 The district court resentenced Neary to 63 months imprisonment and four years supervised release. In this appeal, Neary challenges two conditions of his supervised release: (1) that he submit to warrantless searches of himself, his residence, or his car; and (2) that he not consume any alcoholic beverages or frequent establishments whose primary business is to sell alcoholic beverages.
 
 
 4
 We do not think that the district court abused its discretion in imposing these conditions. The record reveals that Neary has a history of alcohol and drug abuse, and that he has prior convictions for DWI and possession of heroin. Cf. United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992). The search condition has an obvious relation to public safety in facilitating the enforcement of the prohibitions contained in Neary's supervised release order. See United States v. Kills Enemy, 3 F.3d 1201, 1203 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994).
 
 
 5
 Neary argues that the court acted vindictively against him because his original supervised release term did not contain these two conditions. His argument fails, however, because the sentence he received on remand was substantially less than his original sentence. See United States v. Kincaid, 964 F.2d 325, 328 (4th Cir. 1992). We also note that the court resentenced Neary in the middle of the newly-calculated range despite the government's request for a higher sentence.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JOHN BAILEY JONES, Chief Judge, United States District Court for the District of South Dakota