87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry V. PRESTON, Defendant-Appellant.
 No. 95-32018.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided June 18, 1996.
 
 Before: LAY,* FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barry V. Preston ("Preston") pled guilty to theft of government property and was sentenced to one year of probation. He appeals the two special conditions of probation: that he is (1) required to submit to warrantless searches of his person, residence, and place of employment for the presence of stolen goods or drugs; and (2) required to submit to periodic drug testing. We affirm the conditions of probation, but remand to the district court to revise the condition of the warrantless searches in accordance with the discussion which follows.
 
 FACTS
 
 3
 On November 8, 1994, Preston, a twenty-year old male, was caught stealing two video games from the exchange store on the Air Force base in Anchorage, Alaska. He was charged with one count of theft of government property in violation of 18 U.S.C. § 641, a Class A misdemeanor. Preston pled guilty, and negotiated a plea agreement involving a $100 fine and a two-year ban from the Air Force base. At sentencing, the judge rejected the plea agreement, expressing his concern about lack of supervision under the plea agreement. After discussing the matter with his counsel, Preston decided not to withdraw his guilty plea and to proceed with sentencing.
 
 
 4
 The presentence report stated that, following his arrest for stealing from the Air Force base store, Preston was convicted of two state law violations.[1] The presentence report also stated that Preston told the pretrial services officer that he had used marijuana frequently.[2]
 
 
 5
 The judge rejected the plea agreement and imposed a one-year term of probation with the "standard" conditions of supervision, plus the following special conditions: that "the defendant shall participate in a program approved by the probation officer for substance abuse, which program shall include counseling and/or testing to determine if the defendant is using controlled substances;" and that "the defendant shall submit to warrantless search of his person, property, residence, vehicle, and place of employment by a probation officer for the presence of stolen goods, contraband of any kind, including drugs, and the seizure of same if found in the defendant's possession."
 
 
 6
 Defense counsel objected that Preston had never been charged with any drug offenses and that the warrantless searches violated his Fourth Amendment rights. The court responded (pauses omitted):
 
 
 7
 This young man was found very, very close to a stolen gun and has gotten himself into difficulty over that. There was an incident involving a stolen car or a car that was believed to have been stolen. Very close to some marijuana. This young man is too close to trouble, and I mean to have him supervised in those areas where he's been getting close to trouble because I don't want him to get in worse trouble.
 
 
 8
 I worded the second condition as I did for the specific purpose of leaving the probation officer plenty of maneuvering room to scale back any sort of drug testing or involvement, counseling and so forth, when, as and if the probation officer thinks that it's safe to do so. I have every reason to believe that that will be scaled back, but I'm not going to remove the condition. I think it needs to be there so that if there is any concern for a problem, that it can be addressed. And what I have said applies equally to both the search and the counseling.
 
 
 9
 This young man has been too close to stolen objects, he's been too close to drugs. I want the probation officer to have the tools to make sure that he's gotten the message, that he's got to stay away from controlled substances, he's got to stay away from stolen property. The conditions will stand as I have imposed them. (ER 26-27).
 
 
 10
 Preston timely appealed from the sentence.
 
 ANALYSIS
 
 11
 Discretionary conditions of probation must be "reasonably related" to the goals of sentencing and involve "only such deprivations of liberty and property as are reasonably necessary" for these purposes. 18 U.S.C. §§ 3353(a)(1), (a)(2); 3563(b)(22). It is established that the special needs of the probation system allow for departures from the usual warrant and probable cause requirements of the Fourth Amendment. Griffin v. Wisconsin, 483 U.S. 868, 876-79 (1987).
 
 Warrantless Searches
 
 12
 In United States v. Jeffers, 573 F.2d 1074 (9th Cir.1978), we held that a probation condition which provided for warrantless searches by a probation officer "at any time of the day or night," "with or without a warrant and with or without probable cause" was overly broad and not in keeping with the purposes of the federal probation statutes. Nevertheless, we upheld the search in that case because there was "reason to believe" that the probationer was violating his probation, and the search was made at a reasonable time and in a reasonable manner. 573 F.2d at 1075.
 
 
 13
 The court-decreed condition in this case allowed for warrantless searches "by a probation officer for the presence of stolen goods or contraband of any kind, including drugs, and the seizure of the same if found in the defendant's possession." The government contends that this condition is more restrictive in purpose than Jeffers because this condition is limited to searches for stolen goods or drugs. But Preston argues that this condition on its face permits a search lacking any reasonable basis and therefore is overly broad and unenforceable.
 
 
 14
 This condition calling for warrantless searches need not be vacated based upon the court's failure to articulate a standard for the warrantless search. A probationer is not without Fourth Amendment protection, and has the right to challenge a search if it were carried out in an unreasonable manner, time, or place. Portillo v. United States Dist. Court, 15 F.3d 819, 824 (9th Cir.1994). Nevertheless, we remand the case to the district court to add the condition that Preston is subject to warrantless searches for stolen property or drugs if the probation officer has an articulable suspicion of a reason to conduct a search.[3] See United States v. Davis, 932 F.2d 752, 758 (9th Cir.1991).
 
 Urinalysis Screening
 
 15
 Preston argues that the special condition of probation requiring him to submit to random urinalysis screening violates his Fourth Amendment rights because his crime of misdemeanor shoplifting bears no correlation to drug usage.
 
 
 16
 Congress has provided that, in the case of any felony, misdemeanor, or infraction, the mandatory conditions of probation shall include that the defendant submit to one drug test within 15 days of probation, and at least two periodic drug tests thereafter; but that drug testing may be ameliorated or suspended if the defendant presents a low risk of future substance abuse. 18 U.S.C. § 3563(a)(4). For discretionary conditions of probation, Congress has given the sentencing court substantial latitude, so long as the conditions involve only such deprivations of liberty as are reasonably necessary to the sentencing purposes of 18 U.S.C. § 3553(a).
 
 
 17
 The condition of "periodic drug testing" during Preston's one-year probation was well within the court's sentencing discretion in light of Preston's admitted drug use.
 
 CONCLUSION
 
 18
 The sentence is AFFIRMED, but REMANDED to the district court to add the condition that warrantless searches for stolen property or drugs must be based upon an articulable suspicion by the probation officer.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The first occurred on November 19, 1994, when Preston was driving in his car with two male passengers toward the entrance to the Air Force base. A security police officer approached the car and noticed the smell of marijuana coming from the car. The three men were detained and a pat-down search disclosed that one of the men was carrying a full cannister of marijuana and a pipe. A search of the car revealed more marijuana in the glove compartment and a loaded semi-automatic handgun under the front seat. Preston stated that the gun was his. A record check revealed that the gun was stolen. Preston was charged under state law with the felony of theft in the second degree. He pled guilty to theft in the third degree, a misdemeanor, and received a suspended sentence and one-year's probation
 The second state law violation was on April 16, 1995, when Preston committed a domestic violence assault involving his girlfriend. Preston pled guilty to one misdemeanor count of domestic violence, and received a suspended sentence and a two-year term of probation.
 The presentence report also stated that Preston's girlfriend was stopped for a traffic violation and a record check revealed that the car was stolen. The girlfriend called Preston, who arrived at the scene and stated that the car was his. When the police told Preston that the car was reported stolen, Preston told the officers he was keeping the car for a friend. Preston was cited for joyriding, but never prosecuted. The presentence report did not indicate a date of this incident.
 
 
 [2]
 The presentence report stated that Preston had told the pretrial services officer that he had smoked marijuana an average of one-and-one-half times per week for the past ten months, with the last use being three weeks ago. Preston submitted to urinalysis testing during the presentence period and the tests were negative
 
 
 [3]
 If Preston's crime of stealing two video games were his only brush with the law, then it is arguable that a condition of warrantless searches for stolen property or drugs might exceed the discretion of the court, considering the seriousness of the offense, the need for respect for the law, adequate deterrence, and the protection of the public. See 18 U.S.C. § 3553(a)(2). However, the probation statutes also require the court to consider the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1). The court has the authority and discretion to consider Preston's recent involvement with both stolen property and drugs, and to condition his probation accordingly