**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1879

_____

| | | |
|---|---|---|
| Anthony J. Rowe, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Brian Lamb, Jail Supervisor; | * | |
| Brian Ellinger, Jailer, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| Mike Carlson, in their individual | * | |
| and official capacities: Chuck | * | |
| Carson, Lt.; Chris Chernock, Sgt.; | * | |
| County of Dakota, Nebraska, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: September 11, 1997
Filed: November 28, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Brian Lamb and Brian Ellinger appeal the district court's denial of their motions for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action brought by a probationer. We reverse.

## I.    BACKGROUND

Anthony Rowe entered a plea of guilty to various offenses.[1] He was placed on probation. One condition of his probation was that he "submit to a search of his person or property at any time, by any Probation Officer or law enforcement officer, with or without probable cause, for controlled substances or contraband."[2] Appendix at 99. While on probation, he was arrested in South Sioux City, Nebraska, for violating his parole for an Iowa burglary conviction.

Dakota County Jail Supervisor Brian Lamb and Dakota County Corrections Officer Brian Ellinger searched Rowe incident to his admission to the jail and found a small quantity of drugs and the keys to Rowe's apartment. Jail regulations required that personal possessions be inventoried and stored and that only individuals with legal authority be allowed access to the property. Rowe's probation officer, Mike Carlson, who had been present at the search, asked for Rowe's consent to search the apartment, but Rowe refused. After showing the jailers a copy of Rowe's probation order, Carlson requested the keys from Ellinger, who gave them to him. Ellinger's supervisor, Lamb, was also present and had no objection. Carlson later searched the apartment.

---

[1]Rowe was convicted of being a minor in possession (second offense), false reporting to a peace officer, and contempt for failure to appear at trial.

[2]Rowe contends that the signature on the document containing the terms and conditions of his probation is a forgery and that he never consented to its terms. His signature is of no consequence because the document is a court order. Rowe consented to the terms imposed by the Court through his act of being released from a jail term. Without accession to such terms, he would have been in jail.

Rowe filed this action in district court alleging, among other things, that Lamb and Ellinger violated his Fourth Amendment right to be free from unreasonable searches and seizures by providing the keys to Carlson to enable him to search Rowe's residence. Lamb and Ellinger filed a motion for summary judgment based on qualified immunity. The district court denied the motion, finding a genuine issue of material fact on the question of whether Rowe's right to be free from an unreasonable search was clearly established at the time of the alleged violation. Rowe v. Carson, No. 4:CV95-3033, Mem. and Order, slip op. at 5 (D. Neb. Feb. 23, 1997).

## II. DISCUSSION

In an appeal from the denial of a motion for summary judgment based on qualified immunity, we review the legal issue of the existence of qualified immunity de novo. See Sisneros v. Nix, 95 F.3d 749, 753 (8th Cir. 1996). In order to determine whether a defendant is entitled to qualified immunity, we engage in a two-part analysis. See Manzano v. South Dakota Dep't of Social Servs., 60 F.3d 505, 509 (8th Cir. 1995). The first question is whether the plaintiff has alleged a constitutional violation. See Siegert v. Gilley, 500 U.S. 226, 232 (1991). It is not until we have made that required determination that we may analyze whether such right was clearly established at the time of the alleged violation. Thomas v. Hungerford, 23 F.3d 1450, 1452 (8th Cir. 1994). Thus, our first consideration is whether Rowe has alleged a violation of any constitutional right at all.

Probation, like incarceration, is a form of criminal sanction imposed by a court on an offender after a guilty verdict or plea. See Griffin v. Wisconsin, 483 U.S. 868, 874 (1987). Probationers do not enjoy the absolute liberty to which every citizen is entitled, but only conditional liberty properly dependent on observance of special probation restrictions. See id. With probationers, there is a heightened need for close supervision of the convicted person's activities to protect society and the probationer himself. See United States v. Kills Enemy, 3 F.3d 1201, 1203 (8th Cir. 1993). In particular, "in cases involving drugs, authorities supervising the convict 'must be able to act upon a lesser degree of certainty that the Fourth Amendment would otherwise

require in order to intervene before [the person] does damage to himself or society.'" Id. at 1203 (quoting Griffin, 483 U.S. at 879). Thus, a probationer can be subject to a warrantless search under a statutory scheme or pursuant to the findings of a sentencing court. See United States v. Schoenrock, 868 F.2d 289, 292-93 (8th Cir. 1989).

Although the permissible degree of impingement is not unlimited, probation search schemes similar to that at issue here have been upheld as reasonable. See, e.g., Griffin, 483 U.S. at 880 (search of probationer's residence was reasonable pursuant to a valid state regulation governing probationers); Kills Enemy, 3 F.3d at 1203 (search was reasonable under a federal statute); Schoenrock, 868 F.2d at 292-93 (search of probationer's residence was reasonable under conditions imposed by a sentencing judge).

Because the terms of his probation order provided that he was subject to a warrantless search of his home at any time by any law enforcement officer, and because that term was reasonable, Rowe had no Fourth Amendment right to be free from such a search. We therefore find that he has not alleged the violation of a constitutional right. See Siegert, 500 U.S. at 231-32. The act of giving Rowe's probation officer the keys to Rowe's apartment merely facilitated that valid search. Whether the action violated jail procedures is not important to this constitutional inquiry. Accordingly, defendants Lamb and Ellinger are entitled to summary judgment.

## III.  CONCLUSION

The order of the district court is reversed and this action is remanded for entry of an order granting Lamb's and Ellinger's motion for summary judgment.

A true copy.

Attest:

          CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.