# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2402

_____

United States of America,

        Appellee,

    v.

Jeffrey Clark Vincent,

        Appellant.

\* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the District
of North Dakota.

_____

Submitted: October 20, 1998
Filed: February 1, 1999

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

Jeffrey Clark Vincent appeals his conviction and sentence for possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2) (1994). We affirm.

After Vincent pleaded guilty in North Dakota state court to gross sexual imposition on a child, the court sentenced Vincent to five years in prison. The court suspended all but one month of the sentence so long as Vincent complied with certain conditions of supervised probation. These probation conditions prohibited Vincent from violating any criminal laws, from leaving the state without permission of his

probation officer, and from having any unsupervised contact with children other than his own children or stepdaughter, or when deemed appropriate by his probation officer, his stepdaughter's friends. The conditions also required Vincent to undergo both a sexual and a psychological evaluation and to complete any recommended treatment. To ensure Vincent's compliance with the probation conditions, Vincent was required to submit to a warrantless search of his person or home by any probation officer at any time.

Two years after Vincent's release from prison, his probation officer learned Vincent was violating several of his probation conditions. According to the probation officer's information, Vincent had improperly taken children on a rafting trip outside the state and was creating computer-generated offers to take his step-daughter's friends on out-of-state trips. Based on the probation officer's affidavit, the state filed a petition to revoke Vincent's probation, and a state court issued an order to apprehend Vincent. Later that day, Vincent's probation officer and local law enforcement apprehended Vincent and searched his home, seeking corroborating evidence of Vincent's probation violations. During the search, the officers found about 150 computer diskettes containing child pornography that Vincent had downloaded from the Internet. Vincent was later charged with possession of child pornography in federal court. After the federal district court denied Vincent's motion to suppress, he conditionally pleaded guilty.

Vincent contends the search of his home was unreasonable and thus violated the Fourth Amendment. "A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). Nevertheless, officers may search a person's home without a warrant based on probable cause "when 'special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'" Id. (quoting New Jersey v. T.L.O., 469 U.S. 325, 251 (1985)). A state's operation of a probation system presents special needs. See id. at 873-74. Because probationers

enjoy only "'conditional liberty properly dependent on observance of special [probation] restrictions,'" id. at 874 (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)), states may closely supervise probationers and impinge on their privacy to a greater extent than the general public to ensure the probationer observes the restrictions, see id. at 875. The search of a probationer's home without a warrant and with less than probable cause does not violate the Fourth Amendment if the search is conducted under state probation regulations that satisfy the Fourth Amendment's reasonableness standard. See id. at 880 (approving warrantless search conducted under Wisconsin probation regulation permitting warrantless searches when officers have reasonable grounds to believe probation violation occurred). In other words, regulations may establish reasonableness for probationary searches. See United States v. Schoenrock, 868 F.2d 289, 292-93 (8th Cir. 1989). In addition, probationary search conditions are reasonable when the sentencing court finds special search conditions are necessary. See id. at 293. In sum, "a probationer can be subject to a warrantless search under a statutory scheme or pursuant to the findings of a sentencing court." Rowe v. Lamb, 130 F.3d 812, 814 (8th Cir. 1997).

Here, the state probation scheme provides for warrantless searches. According to North Dakota law, the court may impose any probation conditions deemed reasonably necessary to ensure the defendant will lead a law-abiding life. See N.D. Cent. Code § 12.1-32-07.2 (1997). Every probation carries an explicit condition that the defendant not commit another offense during probation. See id. The court may also impose other conditions deemed appropriate, including that the probationer will submit his or her person or home to a warrantless search at anytime. See id. § 12.1-32-07.4(n). The sentencing court deemed this warrantless search requirement reasonably necessary to ensure Vincent would not commit more crimes.

When the terms of a probation order provide the probationer is subject to a warrantless search of his or her home at any time, and that term is reasonable, the probationer has no Fourth Amendment right to be free from a warrantless search. See

Rowe, 130 F.3d at 814. The warrantless search requirement is reasonable in Vincent's case. Prohibitions on violations of the law are not self-executing, and a "search condition has an obvious relation to public safety in making it easier . . . to enforce the prohibitions." United States v. Kills Enemy, 3 F.3d 1201, 1203 (8th Cir. 1993). The warrantless search requirement is reasonably related to the probation goals of rehabilitation and public protection. See Schoenrock, 868 F.2d at 291.

Vincent argues for the first time in his reply brief that North Dakota's warrantless probationary search provision is overbroad because it does not require "reasonable grounds" or "reasonable suspicion" to conduct a search. We do not generally consider new arguments raised in a reply brief. See Dyer v. United States, 23 F.3d 1421, 1424 (8th Cir. 1994). Even if the search provision is overbroad, however, the search is permissible if the overbroad search authority is narrowly and properly exercised. See Schoenrock, 868 F.2d at 292; Kills Enemy, 3 F.3d at 1203. The search authority was narrowly and properly exercised in this case. The search took place only after the probation officer obtained independent evidence that Vincent had violated a condition of his release by taking children on an out-of-state rafting trip and by offering to take other children on trips outside the state. The probation officer had evidence showing Vincent posed a continuing threat to children, and the search was conducted for related evidence. The actions of Vincent's probation officer in conducting the warrantless probation search of Vincent's home was reasonable and appropriate under the circumstances. We conclude the district court properly denied Vincent's motion to suppress the evidence seized in the search.

Vincent next contends the district court committed error in denying his motion to dismiss the charges against him. According to Vincent, application of § 2252(a)(4)(B) to him violates his constitutional right to privacy. Vincent relies on Stanley v. Georgia, 394 U.S. 557 (1969), which held states cannot criminalize possession of obscenity involving adults. Vincent's reliance is misplaced. The Constitution offers less protection when sexually explicit material depicts minors rather

-4-

than adults.  See New York v. Ferber, 458 U.S. 747, 756-64 (1982).  Thus, in Osborne v. Ohio, 495 U.S. 103, 111 (1990), the Supreme Court upheld a statute prohibiting mere possession of child pornography.  Vincent recognizes Ferber and Osborne, but argues we should follow Stanley.  We hold Osborne controls and defeats Vincent's claim.

Vincent also challenges the application of U.S. Sentencing Guidelines Manual § 2G2.4(b)(3) (1997), which requires a two-level increase to the defendant's base offense level when "the defendant's possession of [child pornography] resulted from the defendant's use of a computer."  Vincent asserts Congress did not intend an increase for receivers rather than senders of child pornography because Congress directed the increase "if a computer was used . . . to transport . . . the visual depiction." H.R. 1240, 104th Cong., 109 Stat. 774 (1995).  Vincent's interpretation is strained at best.  Besides, if Congress did not agree with the way the Sentencing Commission implemented its directive, Congress could have revoked or amended § 2G2.4(b)(3) after its issuance by the Sentencing Commission.  See Mistretta v. United States, 488 U.S. 361, 393-94 (1989).  Given Congress's supervisory role, the Sentencing Commission's formulation of the Guidelines is not subject to judicial review unless the Commission oversteps constitutional bounds.  See United States v. Hill, 48 F.3d 228, 231 (7th Cir. 1995).  Vincent asserts the Commission has done so.  According to Vincent, § 2G2.4(b)(3) violates due process because there is no rational justification for penalizing an individual who obtains child pornography from the Internet more severely than an individual who buy videos, magazines, or photographs from suppliers. We disagree.  Section 2G2.4(b)(3) "punishes defendants for using a particularly insidious method of acquiring child pornography.  The Internet has become a common means of transmitting obscene and illicit material.  In addition, it is difficult to detect and prevent this traffic in cyberspace.  [Section] 2G2.4(b)(3) provides an extra deterrent to those inclined to pursue illicit pictures in the anonymity of the computer world."  United States v. Fellows, 157 F.3d 1197, 1202 (9th Cir. 1998).

Last, Vincent argues pro se that his house is not a part of the United States and thus there is no federal criminal jurisdiction in this case. The argument is raised for the first time in Vincent's reply brief, so we need not consider it. See Dyer, 23 F.3d at 1424. The argument is meritless anyway.

We thus affirm Vincent's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.