# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Staff Sergeant SCOTT A. HILL
### United States Air Force

### ACM 38848

### 9 May 2016

Sentence adjudged 24 March 2015 by GCM convened at Wright-Patterson Air Force Base, Ohio. Military Judge: Matthew S. Ward (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 7 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant: Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Captain Collin F. Delaney and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Senior Judge:

Appellant was convicted by a military judge sitting alone, in accordance with his pleas, of sexual abuse of a child and enticing a minor to engage in lewd acts for the purpose of producing a visual depiction thereof in violation of Articles 120b and 134, UCMJ, 10 U.S.C. §§ 920b, 934. The court sentenced him to reduction to the grade of E-1, forfeiture of all pay and allowances, confinement for 7 months, and a bad-conduct discharge. The sentence was approved, as adjudged, on 30 June, 2015.

Appellant argues that the enticement alleged in Charge II, Specification 2, may not be charged under Article 134, UCMJ, 10 U.S.C. § 934, because the offense alleged is preempted by other offenses under the code, and that his plea to that specification was improvident because the conduct alleged was constitutionally protected. Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

Appellant was convicted of engaging in sexually explicit exchanges with three teenage girls he met at a convention. The exchanges included explicit messages, video chats of himself masturbating, and the transmission of nude or partially nude photos of himself and the teenagers. Appellant raises no issues with regard to the charges related to two of the teens who were under the age of 16 at the time, but asserts that since one of the girls was over the age of 16 at the time, he should not have been convicted of any offense based upon sexually explicit exchanges with her.

*Preemption*

Appellant first argues that the Government was preempted from charging an Article 134, Clause 2 offense in this case because Congress intended to limit prosecution for such conduct in a complete way to Article 120b(c) or child pornography under Article 134. This court reviews questions of statutory interpretation, including preemption, de novo. *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015); *United States v. Benitez*, 65 M.J. 827, 828 (A.F. Ct. Crim. App. 2007).

The preemption doctrine "prohibits application of Article 134 to conduct covered by Articles 80 through 132." *Manual for Courts-Martial, United States* (*MCM*), pt. IV, ¶ 60.c.(5)(a). In *United States v. Kick*, 7 M.J. 82 (C.M.A. 1979), our superior court further defined the preemption doctrine as the

> legal concept that where Congress has occupied the field of a given type of misconduct by addressing it in one of the specific punitive articles of the code, another offense may not be created and punished under Article 134, UCMJ, by simply deleting a vital element. However, simply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine. In addition, it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way.

*Id*. at 85 (citations omitted); *see also United States v. Erickson*, 61 M.J. 230 (C.A.A.F. 2005). Accordingly, the preemption doctrine only precludes prosecution under Article

134, UCMJ, where two elements are met: "(1) 'Congress intended to limit prosecution for . . . a particular area' of misconduct 'to offenses defined in specific articles of the Code,' and (2) 'the offense charged is composed of a residuum of elements of a specific offense.'" *United States v. Curry*, 35 M.J. 359, 360–61 (C.M.A. 1992) (quoting *United States v. McGuinness*, 35 M.J. 149, 151–52 (C.M.A. 1992)) (omission in original); *see also United States v. Wright*, 5 M.J. 106 (C.M.A. 1978).

The Government argues this assignment of error was waived by Appellant's pretrial agreement. We disagree. The basis for the preemption doctrine is the principle that, if Congress has occupied the field for a given type of misconduct, then an allegation under Article 134, Clause 2, fails to state an offense. *See United States v. Robbins*, 52 M.J. 159, 160 (C.A.A.F. 1999). A claim of preemption therefore presents a question of subject-matter jurisdiction of the trial court and thus cannot be waived by either a plea or failure to object. *See United States v. Jones*, 66 M.J. 704, 706 (A.F. Ct. Crim. App. 2008). Although *Jones* related only to an unconditional guilty plea, and not an agreement to waive all waivable motions, we conclude the result is the same. A provision in a pretrial agreement purporting to waive a challenge on the basis of lack of subject matter jurisdiction over the offense is unenforceable. Rule for Courts-Martial (R.C.M.) 705(c)(1)(B).

In this case, we need not delve into congressional intent because the offense alleged did not consist of a residuum of another offense. During the providence inquiry, the military judge defined the elements of Charge II, Specification 2, as follows:

> The elements of this offense are that at world wide locations on divers occasions between on or about 2 August 2013 and on or about 30 November 2013, you knowingly and wrongfully enticed [the victim], a female who had not attained the age of 18 years, to engage in lewd acts for the purpose of producing a visual depiction of such conduct of a female who had not attained the age of 18 years for transmission via communication technology and two, that conduct was of a nature to bring discredit upon the Armed Forces.

Accordingly, while the lewd acts alleged concerning the two teenagers who had not reached the age of 16 were similar to the conduct alleged in Charge II, Specification 2, the allegation is based on a completely different theory of liability, enticement to engage in lewd acts for the purpose of producing a visual depiction. We find the elements alleged under this theory do not constitute a residuum of the elements of sexual abuse of a child under Article 120b(c), UCMJ.

Appellant also asserts that the preemption doctrine applies to the enumerated offense of producing child pornography under Article 134, UCMJ. This argument relies on a different premise than the argument that preemption applies to Articles 80 through

132, UCMJ. Both the *Manual* and *Kick* rely on an analysis of the power of the executive branch to act "where Congress has occupied the field." *Kick*, 7 M.J. at 85. By contrast, the enumerated offense of child pornography was promulgated by the President. Accordingly, the preemption doctrine as described in the *Manual* and *Kick* does not apply.

Appellant's argument is not without support in case law, however. In *United States v. Manos*, our superior court observed that even in the context of Article 134 offenses, it "would not permit the services to eliminate indiscriminately vital elements of recognized offenses and 'permit the remaining elements to be punished as an offense under Article 134.'" 25 C.M.R. 238, 240 (C.M.A. 1958) (quoting *United States v. Norris*, 8 C.M.R. 36, 39 (C.M.A. 1953)); *see also United States v. Downard*, 20 C.M.R. 254, 261 (C.M.A. 1955) (dismissing a specification under Article 134, UCMJ, alleging negligent, rather than willful or reckless, failure to maintain funds). We find that these cases are better understood as cases addressing the mens rea requirement under criminal law, rather than an extension of the preemption doctrine discussed in *Norris* and *Kick*. Since Charge II, Specification 2, alleged a different theory of liability than production of child pornography, rather than just a lesser mens rea, we do not find the reasoning in *Manos* and similar cases applicable here.

Even if we found that the preemption doctrine applied to enumerated offenses under Article 134, UCMJ, we would still conclude that Charge II, Specification 2, is not a residuum of the enumerated offense of producing child pornography. The allegation in this case focuses on the harm posed by those who entice minors to engage in illegal conduct independent of the underlying offense. Federal law recognizes such enticement as a distinct offense. *Compare* 18 U.S.C. §§ 2422, 2427, *with* 18 U.S.C. §§ 2251, 2252, 2252A. Our superior court analyzed this distinction between enticement and the underlying offense in *United States v. Schell.*

> The legislative history indicates that Congress intended [18 U.S.C. § 2422] "to address those who lure children out to actually engage in illegal sexual activity," but also to more broadly "protect children and families from online harm." There is nothing in the legislative history suggesting that an accused had to intend to actually engage in a sexual crime.

72 M.J. 339, 343–44 (C.A.A.F. 2013) (quoting *United States v. Schell*, 71 M.J. 574, 579 (Army Ct. Crim. App. 2012)) (citations omitted). We find that the element of enticement in Charge II, Specification 2, distinguishes it from the enumerated offense of child pornography under Article 134, UCMJ.

Because Charge II, Specification 2, was not a residuum of any other offense, we find that the preemption doctrine does not apply.

Appellant next argues that his plea to Charge II, Specification 2, was improvident under Article 45, UCMJ, 10 U.S.C. § 845, as his conduct was constitutionally protected in light of *Lawrence v. Texas*, 539 U.S. 558 (2003). A military judge must determine whether an adequate basis in law and fact exists to support a guilty plea by establishing on the record that the "acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Acceptance of a guilty plea is reviewed for an abuse of discretion, and questions of law arising from the plea are reviewed de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). Rejection of a guilty plea requires that the record show a substantial basis in law and fact for questioning the providence of the plea. *Inabinette*, 66 M.J. at 322; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

Appellant argues that his plea was improvident because his conduct was constitutionally protected in that both he and the victim were "consenting adults." This argument raises two questions. First, it raises the issue whether the colloquy between Appellant and the military judge "contain[ed] an appropriate discussion and acknowledgment on the part of [Appellant] of the critical distinction between permissible and prohibited behavior." *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011). Second, it presents the question whether the information elicited during the inquiry demonstrated that the alleged conduct falls so squarely within a protected liberty interest that accepting even a well-informed plea was an abuse of discretion.

The Government argues that this assignment of error was also waived. We disagree. While the pretrial agreement to waive all waivable motions may preclude review of the substantive issue whether his conduct was constitutionally protected, it does not, as the Government acknowledges, preclude our review of the providence of Appellant's plea. Under Article 45(a), UCMJ, if an appellant

> after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty.

Article 45, therefore establishes an obligation on the court, completely independent of an accused's earnest desire to plead guilty, to enter a plea of not guilty if the facts disclosed during the inquiry demonstrate that the accused's conduct was not criminal because it was

constitutionally protected. We review Appellant's assignment of error in that context, rather than substantive review of the underlying constitutional issue.*

First, we find that the military judge performed a thorough inquiry as to Appellant's understanding of the difference between criminal and constitutionally protected conduct. The military judge specifically addressed the issue of this particular victim's age on the record.

> [Military Judge]: So, what I'm trying to get to, with regard to this is you may have a defense with regard to one, this is constitutionally protected behavior that I engaged with [the victim]. She was over the age of 16, which for these purposes means she's not a minor. It was private. There was no force or coercion. If that's an accurate statement then the government would have to show there are additional factors relevant solely in the military environment in order to find you guilty of that offense. Do you understand that?
>
> [Appellant]: Yes, sir.
>
> [Military Judge]: They have to prove to a panel beyond a reasonable doubt that there [are] additional factors that warrant finding you guilty for something that otherwise would be legal. Does that make sense?
>
> [Appellant]: Yes, sir.

The military judge went on to provide several examples to illustrate his point. He then recessed the trial for over 30 minutes to ensure that Appellant had time to discuss this particular matter with his counsel. While we can infer from his findings that the military judge did not ultimately conclude that the conduct was constitutionally protected, his colloquy certainly provided an adequate discussion and acknowledgement by the Appellant that such an argument could be made.

Second, we conclude that the military judge did not abuse his discretion by finding that the conduct was not constitutionally protected, and therefore that Appellant's plea was provident in that regard. While the victim in Charge II, Specification 2, did not meet the definition of "child" under Article 120b(c), UCMJ, that does not necessarily make her an adult as that word is used in *Lawrence*. The 8th Circuit has specifically addressed the applicability of *Lawrence* to conduct with minors over the age of consent.

---

* This is not a distinction without a difference. The remedies available should we address the underlying question may include dismissal of the specification. The remedy for a failure to ensure a provident plea consists only of a remand for a new proceeding.

The liberty interest the Court recognized in *Lawrence* was for adults engaging in consensual sexual relations in private, but in this case [the appellant] engaged in sex with a minor and pressured him to pose nude for photographs, one of which was sent over the internet. We find no support in *Lawrence* to prevent [the appellant's] prosecution under [18 U.S.C.] §§ 2251 and 2252. [The appellant's] privacy argument also fails, for his activities related to child pornography are not protected by a constitutional right of privacy. *See United States v. Vincent*, 167 F.3d 428, 431 (8th Cir. 1999). As we pointed out in *Vincent*, "the Constitution offers less protection when sexually explicit material depicts minors rather than adults." *Id.* [The appellant] has not shown that the conduct charged in counts 1, 4, and 7 was constitutionally protected.

*United States v. Bach*, 400 F.3d 622, 629 (8th Cir. 2005). We find the 8th Circuit's rationale convincing. Our superior court has also observed in dicta that conduct involving minors or conduct involving transmission of contraband images over the Internet fall outside the protection of *Lawrence*. *See United States v. Goings*, 72 M.J. 202, 206 (C.A.A.F. 2013). Although Appellant was charged under Article 134, UCMJ, and not federal child pornography statutes, the privacy analysis is the same. We find that enticing a minor, even one who has reached the age of consent, to engage in lewd conduct for the purpose of producing a visual depiction of such conduct does not fall within the sphere of constitutionally protected conduct under *Lawrence*, and Appellant's plea was not improvident on that basis.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

7                                                                 ACM 38848