**Mark C. THOMAS, Plaintiff/Appellee,**

v.

**Dale HUNGERFORD, Individually and in his official capacity as police officer for the city of Kearney, Nebraska; Michael Kirkwood, Individually and in his official capacity as police officer for the city of Kearney, Nebraska, Defendants,**

**Jeff Griss, Individually and in his official capacity as police officer for the city of Kearney, Nebraska, Defendant/Appellant.**

No. 93–3232.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1994.

Decided May 11, 1994.

William T. Wright, Kearney, NE, argued, for appellant.

Daniel L. Aschwege, Kearney, NE, argued, for appellee.

Before McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Mark C. Thomas filed this lawsuit, pursuant to 42 U.S.C. § 1983, claiming that Kearney, Nebraska, police officer Jeff Griss violated his constitutional rights by conducting an unlawful inventory search and by planting evidence that was used to convict him on a charge of possessing burglary tools. Griss appeals from the district court's denial of his motion for summary judgment[1] on the basis of qualified immunity and absolute witness immunity. We reverse and remand.

I.

When the manager of a Kearney motel discovered that Thomas had been staying in a motel room without paying or registering, he called the police. Officer Griss and Sergeant Dreyer responded to the call. Upon arriving at the motel, the officers found Thomas sitting in the lobby, whereupon they arrested him on a charge of theft of services. Dreyer asked Thomas if he had any belongings in the room that he wanted to retrieve. Thomas responded that he had a small duffel bag there. The officers accompanied Thomas to the room in which the manager had discovered him.

---

1. Although the denial of a summary judgment motion is not a final judgment, a district court's denial of a qualified immunity claim is an immediately appealable "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985); *Anderson v. Roberts*, 823 F.2d 235, 237 (8th Cir.1987).

When Griss entered the room, he noticed a partially opened duffel bag on the dresser. A pair of pliers, an "o" ring from a Kawneer-brand lock, and a small flashlight were lying on the bed. Dreyer asked Thomas if the items on the bed belonged to him, and Thomas responded that they did. Griss gathered up the items and placed them in the duffel bag. Griss then transported Thomas to the Buffalo County Detention Center.

Upon Thomas's arrival, Buffalo County Detention Center Officer Ward conducted an inventory search of the duffel bag and prepared an inventory property form indicating that Thomas had arrived with a tote bag containing miscellaneous items. Thomas refused to sign the form because it did not list all of the contents of the bag. Pursuant to Thomas's request, Ward removed each item from the bag to inventory it. Griss, who was present during the inventory, observed Ward remove a Pickmaster lock kit containing lock-picking equipment, a lock pick gun, toe nail clippers, a Swiss army knife, a black ninja hood, a pair of black leather gloves, and other items. After observing these items, Griss contacted the county attorney to determine whether there was sufficient evidence to charge Thomas for possession of burglary tools. *See* Neb.Rev.Stat. § 28–508. After the county attorney advised that Thomas could be charged on the basis of the inventoried items, Griss seized the bag and its contents as evidence. Griss then took the bag and its contents to the Kearney Police Department and placed them in an evidence locker.

Thomas initiated this action by filing a pro se complaint. The magistrate judge [2] liberally construed Thomas's amended complaint as stating a cause of action against Griss on two grounds: that Griss had conducted an inventory search of Thomas's duffel bag that was not in accordance with established procedures, and that Griss had planted the black ninja hood and the "o" ring in the duffel bag. The district court denied Griss's motion for summary judgment, and this appeal followed.

## II.

Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Foulks v. Cole County, Mo.*, 991 F.2d 454, 456 (8th Cir.1993). The threshold question in analyzing a qualified immunity claim is whether the plaintiff has alleged a constitutional violation. "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether a plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *see also Cross v. City of Des Moines*, 965 F.2d 629, 632 (8th Cir.1992).

The district court correctly found that an inventory search of Thomas's duffel bag upon his arrival at the Buffalo County Detention Center was permissible. *Illinois v. Lafayette*, 462 U.S. 640, 647, 103 S.Ct. 2605, 2610, 77 L.Ed.2d 65 (1983) ("At the station house, it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed."). Nevertheless, the district court denied Griss's summary judgment motion because the record did not contain any evidence that Griss had followed standardized procedures when inventorying the contents of the duffel bag.

The record reveals, however, that it was Ward, not Griss, who inventoried Thomas's duffel bag and discovered the incriminating burglary tools. Thomas argues that because Griss was present when Ward inventoried the bag, he participated in the search and is thus liable because the search was not conducted pursuant to established procedures.

Although Ward is not a defendant in this action, we consider the propriety of

---

**2.** Pursuant to a local district court rule, a magistrate reviewed Thomas's claim because it was filed without the assistance of counsel.

the search that he performed and in which Thomas alleges that Griss participated. An inventory search is reasonable under the Fourth Amendment only if it is conducted in accordance with standardized procedures. *Florida v. Wells,* 495 U.S. 1, 3, 110 S.Ct. 1632, 1634–35, 109 L.Ed.2d 1 (1990). "The requirement that standardized criteria or established routine exist as a precondition to a valid inventory search 'is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence.'" *United States v. Marshall,* 986 F.2d 1171, 1175 (8th Cir.1993) (quoting *Wells,* 495 U.S. at 4, 110 S.Ct. at 1635). As noted above, Thomas refused to sign the inventory form prepared by Ward because it did not specifically list all of the items in the duffel bag. Pursuant to Thomas's request, therefore, Ward inventoried each item in the bag. Having requested the item-by-item inventory, Thomas cannot now claim that the search was initiated as a means of discovering evidence of a crime. *See United States v. Frank,* 864 F.2d 992, 1005 (3d Cir.1988) (stating that a defendant who requests an inventory search of his property cannot claim that the search was arbitrary), *cert. denied,* 490 U.S. 1095, 109 S.Ct. 2442, 104 L.Ed.2d 998 (1989).

■ Thomas next argues that even if Ward's search was proper, Griss's presence during the search was unlawful because it was not in accordance with standardized procedures. We need not decide this question, however, for Thomas waived his expectation of privacy in the contents of the duffel bag when he requested that Ward inventory them. *Id.* Moreover, Thomas made this request while Griss was present. Accordingly, we conclude that Griss's presence during the search did not violate Thomas's Fourth Amendment rights.

■ Before securing the contents of the duffel bag in an evidence locker, Griss completed a police department property report form. Thomas argues that this constituted an unlawful inventory search. As we have already discussed, however, Thomas no longer had a legitimate expectation of privacy in the contents of the duffel bag after he requested that Ward inventory them. Addi-

tionally, once the police have lawfully seized items as evidence of a crime, subsequent searches of those items while they are in the police's possession are lawful. *United States v. Pace,* 898 F.2d 1218, 1243 (7th Cir.), *cert. denied,* 497 U.S. 1030, 110 S.Ct. 3286, 111 L.Ed.2d 795 (1990). Griss properly seized the contents of the duffel bag as evidence of a crime because the items were in plain view during a valid search. *See United States v. Wright,* 971 F.2d 176, 180 (8th Cir.1992). Accordingly, Griss is entitled to summary judgment on this claim.

■ The district court also denied Griss's motion for summary judgment on Thomas's claim that Griss planted a black ninja hood and an "o" ring in Thomas's duffel bag. The magistrate judge construed Thomas's complaint to allege that because the hood and "o" ring did not appear on Ward's inventory form, Griss must have planted the items. Griss argues that he is absolutely immune from this claim because the allegation that he planted evidence is simply an assertion that he committed perjury when he testified at Thomas's trial about the events surrounding Thomas's arrest. Thomas concedes that Griss would be entitled to absolute immunity on such a claim, for officers are absolutely immune from liability under 42 U.S.C. § 1983 for damages arising out of their alleged perjurious testimony at trial. *Briscoe v. LaHue,* 460 U.S. 325, 342, 103 S.Ct. 1108, 1119, 75 L.Ed.2d 96 (1983). Thomas argues, however, that Griss did more than perjure himself, contending that Griss planted some of the evidence that the prosecutor used against him. Although absolute immunity may not shield Griss against such a claim, the district court should nevertheless have granted Griss's summary judgment motion.

■ Summary judgment is proper if the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to recover as a matter of law. *Cole v. Bone,* 993 F.2d 1328, 1331 (8th Cir.1993). According to the record, the "o" ring, which Griss found lying on the bed in the motel room, was in Thomas's possession at the time of his arrest. The

record also explains that the "o" ring did not appear on the inventory form that Ward prepared because Griss confiscated it at the detention center. Because Thomas does not dispute these facts, we conclude there is no genuine issue of material fact regarding whether Griss planted the "o" ring in Thomas's duffel bag.

The record does not explain why the hood was not listed on the inventory form that Ward prepared. Thomas argues, therefore, that whether the hood was actually in the duffel bag when Ward inventoried the contents is an issue of material fact. Griss's evidence establishes that the first time that he saw the hood was when Ward removed it from the duffel bag for inventorying purposes. Thomas has submitted nothing to dispute this evidence.

Although Thomas did not respond to Griss's summary judgment motion, he argues that the evidence that Griss offered creates a factual issue. While the record may not explain why the hood was not listed on the inventory form, this factual issue, in light of the undisputed evidence that Griss did not plant the hood, is not material to Thomas's claim. If, as Thomas alleged in his complaint, the hood and "o" ring did not appear on the inventory form because Griss planted the items in the duffel bag, Thomas should have responded to Griss's summary judgment motion with specific facts supporting his allegation. A plaintiff opposing a properly supported summary judgment motion may not rest upon the allegations in his complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). He must present specific facts showing that there is a genuine issue for trial. *Id.* Because Thomas has not done this, we conclude that Griss is entitled to summary judgment.

The order denying Griss's summary judgment motion is reversed, and the case is remanded to the district court for entry of judgment dismissing the complaint.