# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 96-3148

————————

United States of America,      *
     *
         Appellee,      *
     *   Appeal from the United States
       v.      *   District Court for the
     *   District of Minnesota.
Guillermo Gorra Gonzalez,      *
     *        [UNPUBLISHED]
         Appellant.      *

————————

Submitted: February 10, 1997

Filed: April 1, 1997

————————

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

————————

PER CURIAM.

Guillermo Gorra Gonzalez appeals his jury convictions of being a felon in possession of a handgun, in violation of 18 U.S.C. § 922(g)(1) (1994), and of being an armed career criminal, in violation of 18 U.S.C. § 924(e)(1) (1994). We affirm.

## I.

Gonzalez argues that the district court[1] erred when it ruled that the investigatory stop of Gonzalez's vehicle was reasonable. We agree with the district court that the stop was reasonable.

————————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We review de novo the district court's determination that law enforcement officials had reasonable suspicion and probable cause to justify an investigatory stop.  See Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996).  We review the district court's findings of fact for clear error.  See id.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  Whren v. United States, 116 S. Ct. 1769, 1772 (1996). "Subjective intent plays no role in ordinary, probable-cause Fourth Amendment analysis."  Id. at 1774; see also United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996) ("Under [the Whren] objective test, so long as police have probable cause to believe that a traffic violation has occurred, the stop is valid even if the police would have ignored the traffic violation but for their suspicion that greater crimes are afoot.").

Before stopping Gonzalez, Officer Paul Johnson observed Gonzalez commit a traffic violation--Gonzalez failed to use his turn signal before making a turn.  Officer Johnson therefore had probable cause to believe that a traffic violation had occurred, and consequently, Officer Johnson's stop of Gonzalez was not improper.[2]

**II.**

Gonzalez argues that the district court erred when it applied the inevitable discovery doctrine and admitted evidence seized

---

[2]Our conclusion is not influenced by Officer Johnson's testimony about his subjective intent--that he did not rely on this traffic violation to stop Gonzalez--because the central thrust of the Whren holding was the elimination of an inquiry into the subjective intent of the police officer making a stop.

-2-

during the warrantless search of Gonzalez's vehicle.  See Nix v. Williams, 467 U.S. 431, 448 (1984) (discussing the "inevitable discovery" doctrine); see also United States v. Dickson, 64 F.3d 409, 410 (8th Cir. 1995) (same), cert. denied, 116 S. Ct. 747 (1996).  We hold that the evidence was properly admitted.

It is permissible for a police department inventory procedure "to allow the opening of closed containers whose contents officers determine they are unable to ascertain from examining the containers' exteriors" so long as the standardized criteria of the inventory procedure is "designed to produce an inventory."  Florida v. Wells, 495 U.S. 1, 4 (1990); see generally, Thomas v. Hungerford, 23 F.3d 1450, 1452 (8th Cir. 1994) (citing Wells for support of the reasonableness of standardized inventory searches).  Such procedures are permissible because they "serve to protect an owner's property while it is in the custody of the police . . . ."  Wells, 495 U.S. at 4 (quotations omitted).

The district court admitted into evidence a handgun found in a camera bag inside the passenger compartment of Gonzalez's pickup truck.  But for the drug investigation, Gonzalez's pickup truck would have been towed and impounded after he was pulled over because neither Gonzalez nor the other passenger in the pickup truck had a driver's license.  Once the car had been impounded, its contents would have been inventoried pursuant to the Plymouth Police Department's inventory procedure.  As a result of the inventory, the officers would have discovered Gonzalez's loaded handgun in the camera bag.

Having reviewed the Plymouth Police Department's inventory procedure, we find it to be consistent with the Supreme Court's mandate in Wells.  The Plymouth inventory procedure is intended to produce an inventory.  The official procedure precludes unbridled

rummaging in the impounded vehicle by requiring that the examination of the vehicle's interior be cursory and limited to a search for valuable items that are easily portable. This procedure allows the police to open a camera bag found in the passenger compartment of a pickup truck because a camera bag is likely to contain a camera, which is a valuable item that is easily portable.

Thus, because Gonzalez's camera bag would have inevitably been opened in the course of a lawful police inventory, the handgun found in Gonzalez's camera bag is admissible under the inevitable discovery doctrine.

## III.

Gonzalez, a Spanish speaker, asserts that he did not knowingly waive his Miranda rights after being arrested. He consequently argues that his admission to having purchased the handgun found in his camera bag was not admissible. We disagree.

"Review of a [district court's] 'factual findings concerning whether a suspect waived his rights is under the clearly erroneous standard; however[,] review of the ultimate determination of whether waiver has occurred as a matter of law is de novo.'" United States v. Jones, 23 F.3d 1307, 1313 (8th Cir. 1994) (internal quotations and alterations omitted) (quoting United States v. Barahona, 990 F.2d 412, 418 (8th Cir. 1992)). In conducting this inquiry, we look to the totality of the circumstances, which "may include the background, experience, and conduct of the [suspect]." Id. (quotations and citations omitted).

Shortly before the beginning of his interrogation, Gonzalez was read his _Miranda_ rights with the assistance of a Spanish interpreter.  In addition, Gonzalez has twenty-four prior criminal convictions, including convictions for carrying a concealed weapon and narcotics.  Accordingly, we find that the district court was not clearly erroneous when it concluded that Gonzalez understood the nature of his _Miranda_ rights, and we hold that Gonzalez voluntarily waived them.

## IV.

For the foregoing reasons, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.