**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1565
_____

Henry Greer, Administrator of the           *
Estate of Mora Patricia Greer,                    *
                                              *
          Appellant,                 *
                                              *        Appeal from the
                                                       United States
     vs.                                 *              District
                                                       Court for
                                                       the Northern
                                              *        District of Iowa
Stanley D. Shoop; Ronald Dohrman;        *
Thomas L. Frisch,                            *
                                              *
          Appellee.                 *

_____

Submitted: October 24, 1997

Filed:  April 2, 1998

_____

Before McMILLIAN and BEAM, Circuit Judges, and WEBB,[1]
Chief District Judge.

_____

WEBB, Chief District Judge.

     In  this  appeal,  appellant  Henry  Greer  ("Greer")

_____

[1]The Honorable Rodney S. Webb, Chief United States District Judge for the
District of North Dakota, sitting by designation.

argues that the district court[2] erred when it found that the defendants, all employees of the State of Iowa, were

---

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

entitled to qualified immunity from Greer's claims pursuant to 42 U.S.C. § 1983.  We affirm.

## I.   BACKGROUND

For purposes of resolving the summary judgment motion before the district court, the defendants accepted as true the facts stated in Greer's amended complaint. Neither party to this appeal has objected to the district court's recitation of the facts.  We therefore adopt the district court's recitation of the facts for purposes of resolving the summary judgment motion on appeal and restate them here as background.

> Plaintiff Henry Greer is the administrator of the estate of Mora Patricia Greer. Defendants Stanley D. Shoop, Ronald Dohrman and Thomas L. Frisch are employed by the State of Iowa as probation and parole officers of the Third Judicial District Department of Correctional Services.  In March 1991, and at all times relevant to this action, Perry Stevens was subject to the control and custody of the Third Judicial District Department of Correctional Services due to his conviction and sentence for the commission of one or more felonies in the State of Iowa.  As a result of his conviction and sentence, Stevens was under the control and authority of defendants due to their positions as probation and parole officers.

> On March 28, 1991, defendants placed parolee Perry Stevens into Mora Greer's home.  At the time, Stevens was Mora Greer's boyfriend. Before Stevens was incarcerated, he and Mora Greer had engaged in sexual intercourse.  At the time of Stevens' parole in March of 1991, he had

been diagnosed as suffering from AIDS. Defendants knew, or reasonably should have known, that Stevens was infected with the HIV virus. Defendants knew, or reasonably should have known, that upon his release from incarceration Stevens was highly likely to engage in sexual relations with Mora Greer.

Defendants failed to warn Mora Greer that Stevens was infected

with HIV.  Mora Greer would not have permitted Stevens to stay in her home if she had been informed of Stevens' HIV-positive status, and she would not have engaged in sexual relations with Stevens after his release from prison had she known he was HIV-positive.  Stevens transmitted HIV to Mora Greer following his parole into her home.  As a result of this HIV transmission, Mora Greer developed AIDS.  Stevens died of AIDS in July 1993.  Mora Greer died of AIDS after this lawsuit was filed. <u>Greer v. Shoop</u>, No. C95-4023-MWB (N.D. Iowa Jan. 29, 1997).

The district court granted the defendants' motion for summary judgment finding that the defendants were entitled to qualified immunity.  Greer appeals the district court's decision.

## II.    DISCUSSION

We review the district court's grant of summary judgment on qualified immunity grounds de novo.  <u>Parrish v. Mallinger</u>, Nos. 96-3876, 97-1529, 1998 WL 3580, at *1 (8th Cir. Jan. 7, 1998) (citing <u>Get Away Club, Inc. v. Coleman</u>, 969 F.2d 664, 666 (8th Cir. 1992)).  We apply the same legal standard at the summary judgment level as the district court.   Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  "Summary judgment 'should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" <u>Vacca v. Viacom Broadcasting, Inc.</u>, 875 F.2d 1337, 1339 (8th Cir. 1989) (quoting <u>Snell v. United States</u>, 680 F.2d 545, 547 (8th Cir. 1982)).

Two requirements must be satisfied in order to defeat a defendant's claim of qualified immunity at the summary judgment level.  <u>Rowe v. Lamb</u>, 130 F.3d 812, 814

(8th Cir. 1997).  First, the plaintiff must allege a specific violation of a constitutional

right.  Id.  Second, the allegedly violated constitutional right must have been clearly established at the time of the alleged violation.  Id.  The standard for whether a constitutional right is clearly established is objective and well-defined by the case law of this circuit.  "For a constitutional right to be clearly established, the contours of that right must be sufficiently clear and specific that a reasonable official would understand that what he is doing violates that right."  See McMorrow v. Little, 103 F.3d 704, 706 (8th Cir. 1997); Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989).

In this case, Greer alleges that the defendants violated Mora Greer's due process rights by failing to warn her of the fact that Stevens was HIV-positive when he was paroled into her home in 1991.  Greer argues that the defendants' failure to warn Mora Greer of Stevens' medical condition violated her due process rights by way of the state-created danger theory of constitutional liability, which according to Greer, requires state officials to protect citizens from private violence in instances such as this.  Greer further alleges that it was clearly established in 1991 that the actions of the defendants were violative of Mora Greer's due process rights.  The district court held that Greer had sufficiently alleged a violation of Mora Greer's constitutional rights under the state-created danger theory, thus satisfying the first prong of our analysis.  The district court went on to hold, however, that the state-created danger theory as applied to these facts in 1991 was not clearly established enough to find that a reasonable official would have known that failing to inform Mora Greer of Stevens' medical condition violated her constitutional rights.

This court first analyzed the state-created danger theory of constitutional liability in Wells v. Walker, 852 F.2d 368 (8th Cir. 1988).  In Wells, a store owner was murdered by a prisoner who was released early and dropped off by prison officials at the victim's store, which also served as a bus stop.  Id. at 369.  The victim's estate sued the prison officials alleging that they violated the victim's constitutional rights by not warning her of the prisoner's violent nature.  Id. at 369-70.  We noted that an individual's constitutional due process rights may be implicated when there is a special

relationship between the individual and the state or "when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have been in" absent the state action. Id. We held that the plaintiff had adequately alleged a violation of a constitutional right under the state-created danger theory. Id. at 370. We went on to hold, however, that the prison officials' conduct was merely negligent, and therefore, could not be a source of constitutional liability. Id.

Shortly after Wells was decided, the United States Supreme Court addressed the state-created danger theory in DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989). In DeShaney, the Court faced the question of whether state officials violated the constitutional rights of a child who was physically abused by his father when the officials did not remove the child from the father's custody after gaining knowledge of the father's violent propensities. Id. at 191. The Court held that the state did not have a constitutional duty to protect the child from his father's attacks. Id. The Court reasoned that states do not have a general constitutional duty to protect their citizens from private violence. Id. at 198. The Court stated, however, that in certain limited circumstances, such as where the state played a part in making a particular individual more vulnerable to private violence, the Constitution imposes upon the state affirmative duties of care or protection with respect to the individual. Id. at 201. The Court went on to state that:

> The most that can be said of the state functionaries in this case is that they stood by and did nothing when suspicious circumstances dictated a more active role for them. In defense of them it must also be said that had they moved too soon to take custody of the son away from the father, they would likely have been met with charges of improperly intruding into the parent-child relationship, charges based on the same Due Process Clause that forms the basis for the present charge of failure to provide adequate protection.
>
> The people . . . may well prefer a system of liability which would place upon the State and its officials the responsibility for failure to act in

situations such as the present one. They may create such a system. . . . But they should not have it thrust upon them by this Court's expansion of the Due Process Clause of the Fourteenth Amendment.

Id. at 202-03.

Following DeShaney, this court had another opportunity to address the state-created danger theory of constitutional liability. See Freeman v. Ferguson, 911 F.2d 52 (8th Cir. 1990). In Freeman, a woman and her daughter were murdered by the woman's estranged husband. Id. at 53. The administratrix of the victims' estates brought suit against the chief of police and other city officials for failing to enforce an existing restraining order which restricted the husband's contact with the victims. Id. at 53-54. We noted that as of 1990, the Supreme Court had found the state-created danger theory of liability applicable only in a custodial setting. Id. at 55. We recognized, however, that the DeShaney opinion established "the possibility that a constitutional duty to protect an individual against private violence may exist in a non-custodial setting if the state has taken affirmative action which increases the individual's danger of, or vulnerability to, such violence beyond the level it would have been at absent state action." Id. But we went on to note that "it is not clear, under DeShaney, how large a role the state must play in the creation of danger and in the creation of vulnerability before it assumes a corresponding constitutional duty to protect. It is clear, though, that at some point such actions do create such a duty." Id. We concluded that the plaintiff had failed to allege a constitutional violation under DeShaney, but allowed the plaintiff to amend the complaint in an effort to satisfy the DeShaney standard. Id. at 54.

We are of the view that the state-created danger theory was an emerging rule of law in this circuit in 1991. Therefore, we assume without deciding, based on the facts accepted for purposes of summary judgment, that Greer has sufficiently alleged a violation of Mora Greer's constitutional rights pursuant to the state-created danger theory. However, we are not convinced that the law was so clearly established in 1991

that a reasonable official under these factual circumstances would have known that his or her actions were violative of Mora Greer's constitutional rights. Although a precise factual correspondence with precedents has never been required for a constitutional right to be clearly established, Boswell v. Sherburne County, 849 F.2d 1117, 1121 (8th Cir. 1988), when the distinguishing facts are such that they change the nature of the claim presented, they are relevant to that determination. In this case, the privacy issues that surround a person's medical condition, specifically when that person is HIV-positive or has AIDS, complicate the application of the state-created danger theory. See Iowa Code Ann. § 141.23 (West, WESTLAW through 1991) (prohibiting non-consensual disclosure of a person's HIV-positive status). Because of those privacy concerns, we cannot say that in 1991, a reasonable official would have known that failing to inform Mora Greer of Stevens' HIV-positive status violated her due process rights. It is just as likely that a reasonable official would have thought that disclosing Stevens' HIV-positive status violated Stevens' right of privacy. Therefore, we hold that the contours of the state-created danger theory, as applied to the unique facts of this case, were not defined clearly enough in 1991 to remove the defendants' qualified immunity protection.[3]

Greer next argues that the defendants should not be entitled to qualified immunity because they would be indemnified, pursuant to Iowa state law, for any award of damages entered against them. See Iowa Code §§ 669.21-.23 (Supp. 1997). According to Greer, because the defendants would be indemnified, there is no reason to provide them with qualified immunity. In our view, the policy reasons behind qualified immunity in § 1983 actions are much broader than simply protecting state

---

[3]Greer argues that cases in other circuits further define the application of the state-created danger theory and show that it was clearly established in 1991. Although it is true that decisions from other circuits are helpful in determining whether a constitutional right is clearly established, in this case they are of no help. Johnson-El, 878 F.2d at 1049. Our research has turned up no decisions addressing the state-created danger theory in a situation such as this.

employees from having to pay damages. Therefore, we are not convinced by Greer's argument and find no compelling reason to further comment on this issue.

## III.    CONCLUSION

For the aforementioned reasons, we affirm the judgment of the district court.

BEAM, Circuit Judge, concurring specially.

Because the analytical structure employed by the court is contrary to both Supreme Court and Eighth Circuit precedent, I concur only in the result reached. The opinion adds needless uncertainty to the law of this circuit on issues of qualified immunity.

The district court determined that under the facts extant here, Greer sufficiently alleges a Fourteenth Amendment violation under the "state-created danger theory" of constitutional liability outlined in <u>Wells v. Walker</u>, 852 F.2d 368, 370-71 (8th Cir. 1988). Although the language in <u>Wells</u> may arguably have been dictum because the constitutional determination was not necessary to the final holding in the case, we have since affirmed the existence of the theory in this circuit. <u>See</u> <u>Gregory v. City of Rogers</u>, 974 F.2d 1006, 1010 (8th Cir. 1992) (relying on <u>Wells</u>); <u>Doe v. Wright</u>, 82 F.3d 265, 268 (8th Cir. 1996) (same); <u>Davis v. Fulton County</u>, 90 F.3d 1346, 1351 (8th Cir. 1996) (same); and <u>Carlton v. Cleburne County</u>, 93 F.3d 505, 508 (8th Cir. 1996) (same).

The district court then determined that given the facts advanced by Greer, taken as true for purposes of summary judgment, the contours of the constitutional right would not have been sufficiently discernible to reasonable public officials functioning in the same or similar circumstances to impose liability upon the appellees. Accordingly, the district court found that the appellees were protected from suit by the

doctrine of qualified immunity and were, therefore, entitled to summary judgment. Because of the Supreme Court's opinion in <u>DeShaney v. Winnebago County Dep't of Soc. Serv.</u>, 489 U.S. 189 (1989), I agree with this result and would affirm on that basis.

In the wake of the <u>DeShaney</u> opinion, lower courts were unsure of the continued viability of theories of liability based on the state's duty to protect citizens from private harm. <u>See, e.g.</u>, <u>Freeman v. Ferguson</u>, 911 F.2d 52, 55 (8th Cir. 1990) ("It is not clear, under <u>DeShaney</u>, how large a role the state must play in the creation of danger and in the creation of vulnerability before it assumes a corresponding constitutional duty to protect."). It is now clear that the state-created danger theory survives <u>DeShaney</u> as a theory of constitutional liability in the Eighth Circuit. <u>See</u> <u>Gregory</u>, 974 F.2d at 1010; <u>Wright</u>, 82 F.3d at 268; <u>Davis</u>, 90 F.3d at 1351; <u>Carlton</u>, 93 F.3d at 508. At the time of the appellees' conduct in this case, however, <u>DeShaney</u> was too fresh, and its implications were too uncertain to expect that reasonable public officials in the defendants' position would understand that their conduct violated Mora Greer's due process rights under the state-created danger theory. Accordingly, because the contours of the right were not clearly established, I agree that the defendants are entitled to qualified immunity. <u>See</u> <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1897)

The court, however, takes a different tack—one that violates at least two of our well established precedents. The court announces that the "state-created danger theory was an emerging rule of law in this circuit in 1991," <u>ante</u> at 6, even though <u>Wells</u> clearly recognized the doctrine in 1988. The court then "<u>assume[s] without deciding</u>, based on the facts accepted for purposes of summary judgment, that [appellant] has sufficiently alleged a violation of Mora Greer's constitutional rights pursuant to the state-created danger theory." <u>Id.</u> (emphasis mine). On this assumption, the court proceeds to deal with the issue of qualified immunity.

This approach is squarely at odds with <u>Siegert v. Gilley</u>, a case in which the Supreme Court granted certiorari "in order to clarify the analytical structure under

which a claim of qualified immunity should be addressed."  500 U.S. 226, 231 (1991). The Supreme Court established that the "first inquiry in the examination of [a claim of qualified immunity]" is whether a "violation of a clearly established constitutional right" has been alleged at all.  Id.  In Siegert, as here, the circuit court had assumed, without deciding, that Gilley's actions violated Siegert's constitutional rights.  Id. at 232. The Supreme Court found this approach to be error.  It stated, "We think the Court of Appeals should not have assumed, without deciding, this preliminary issue in this case." Id. The Court explained that "[a] necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all."  Id.

This court has repeatedly construed Siegert as requiring a two-stage approach. In Munz v. Michael, Judge Magill stated, "The qualified immunity inquiry involves a two step process.  First, this court must determine whether the plaintiff has alleged a violation of a constitutional right."  28 F.3d 795, 799 (8th Cir. 1994).  Judge McMillian in Manzano v. South Dakota Dep't of Soc. Serv., stated, "We recognize that the Supreme Court's decision in Siegert v. Gilley has caused considerable disagreement among the circuits with regard to the proper analytical framework for qualified immunity questions. However, our court has consistently interpreted Siegert to mean that we must first address the question whether the plaintiff has asserted the violation of a constitutional right, and then consider whether the right was clearly established at the time of the alleged violation."  60 F.3d 505, 510 n.2 (8th Cir. 1995) (citations omitted); accord Weiler v. Purkett, No. 96-1022, 1998 WL 83610, at *2 (8th Cir. Mar. 2, 1998) (en banc); Thomas v. Hungerford, 23 F.3d 1450, 1452 (8th Cir. 1994); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); Cross v. City of Des Moines, 965 F.2d 629, 631-32 (8th Cir. 1992).

Were we to undertake the constitutional analysis required by Siegert, I am not necessarily convinced that the facts alleged by the plaintiff here would suffice to make

out a violation of Mora Greer's constitutional rights. I am content, however, to concur based on the opinion of the district court, and in the result reached by the court today.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.