Brian McGOLDRICK, Plaintiff,

v.

DATATRAK INTERNATIONAL, INC.,
a Minnesota corporation and Donald
E. Roepke, Defendants.

No. CIV97–2306 (JRT/RLE).

United States District Court,
D. Minnesota.

Feb. 26, 1999.

Brian McGoldrick, Edina, MN, pro se.

Jane Lanoue Binzak, Hecox Harman Mattaini Koshmrl Cosgriff & Johnson, St. Paul, MN, for Defendants.

## ORDER

TUNHEIM, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

1. That the Defendants' Motion for Summary Judgment [Docket No. 10] is granted in part.

2. That Count IV is dismissed with prejudice.

3. That the Motion for Summary Judgment is denied in all other respects.

## REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Defendants' Motion for Summary Judgment. A Hearing on the Motion was conducted on September 1, 1998, at which time the Plaintiff appeared *pro se*, and the Defendants appeared by Jane Lanoue Binzak, Esq. At the Hearing, leave was granted to the parties to supplement the Record, after the completion of the Plaintiff's deposition of the Defendant Donald Roepke ("Roepke"). Post–Hearing submissions were filed, after which the matter was taken under advisement.

For reasons which follow, we recommend that the Defendant's Motion for Summary Judgment be granted in part, and denied in part.

### II. *Factual and Procedural History*

The facts of this case are simple and, in the main, are not a subject of dispute between the parties, at least insofar as the present Motion for Summary Judgment is concerned. On December 12, 1994, the Plaintiff accepted an employment offer from the Defendant DataTrak International, Inc. ("DataTrak"), at a salary of $50,000 per year, plus retirement and tax benefits. *Affidavit of Brian McGoldrick ¶ 3, Ex.* A. While employed with DataTrak, the Plaintiff participated in DataTrak's group health insurance plan. *Defs.' Resp. to Req. for Adm. No. 8, McGoldrick Aff., Ex.* G. DataTrak underpaid the Plaintiff, issuing only three payments, which totaled $6,115.75, and which prompted him to resign on November 11, 1995, having already been owed back pay of nearly $50,000. *Affidavit of Brian McGoldrick ¶ 5.*

When the Plaintiff left his employment with DataTrak, the Plaintiff's employer did not notify him of his purported continued benefit rights under the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"), Title 29 U.S.C. § 1161, et seq. On January 9, 1996, the Plaintiff became ill with a kidney stone and, because DataTrak failed to notify him of the available health coverage, the Plaintiff incurred approximately $1,000 in medical expenses. *Compl.* ¶ 10.

Roepke owns DataTrak and, formerly, also owned another corporation named JobTrak Systems, Inc. ("JobTrak"), which occupies the same address as DataTrak, and which shares DataTrak's group health insurance plan. *McGoldrick Aff.* ¶ 4, 19. On December 30, 1992, however, Roepke divested himself of all ownership of Job-Trak, and returned his shares to JobTrak, in exchange for JobTrak's transfer of certain "information processing programs" to DataTrak. *Agreement of 12/30/92, Defs.' Reply Mem., Ex.* D. The Plaintiff alleges that Roepke, along with members of his family and corporate officer Gary Puffett, have engaged in a commingling of corporate funds between the two entities, and have failed to observe corporate formalities. *Compl.* ¶ 11. On this Record, it is not at all clear who, or what, owns the stock of JobTrak.

The Plaintiff filed this action on October 15, 1997, which presents one Federal claim, and three pendent State law claims. See, Title 28 U.S.C. §§ 1332, 1367. He alleges that the Defendants violated the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. § 1001, et seq., by failing to provide appropriate notice of his continuing benefit rights under COBRA. The Plaintiff also seeks back pay, for violations of Minnesota Statutes Sections 181.13–.171, and he claims a breach of contract and *quantum meruit* damages from both Defendants. The Defendants have moved for Summary Judgment.

### III. *Discussion*

A. *Standard of Review.* Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the non-moving party, and we have found no triable issue. *Prudential Ins. Co. v. National Park Med. Center, Inc.,* 154 F.3d 812, 818 (8th Cir. 1998); *Lower Brule Sioux Tribe v. State of South Dakota,* 104 F.3d 1017, 1021 (8th Cir.1997), cert. denied, —— U.S. ——, 118 S.Ct. 64, 139 L.Ed.2d 26 (1997). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a reasonable Jury could return a verdict for the non-moving party. See, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Liebe v. Norton,* 157 F.3d 574, 578 (8th Cir.1998); *Dodd v. Runyon,* 114 F.3d 726, 729 (8th Cir.1997).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure; see also, *Anderson v. Liberty Lobby, Inc.,* supra at 256, 106 S.Ct. 2505; *Chism v. W.R. Grace & Co.,* 158 F.3d 988, 990 (8th Cir.1998). Moreover, the movant is entitled to Summary Judgment where the nonmoving par-

ty has failed "to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* supra at 322, 106 S.Ct. 2548; see also, *Greer v. Shoop,* 141 F.3d 824, 826 (8th Cir.1998); *Mayard v. Hopwood,* 105 F.3d 1226, 1228 (8th Cir.1997). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* supra at 323, 106 S.Ct. 2548; see also, *Bell Lumber and Pole Co. v. United States Fire Ins. Co.,* 60 F.3d 437, 441 (8th Cir.1995); *McLaughlin v. Esselte Pendaflex Corp.,* 50 F.3d 507, 510 (8th Cir.1995); *Settle v. Ross,* 992 F.2d 162, 163 (8th Cir.1993).

B. *Legal Analysis.* The Defendants offer several arguments in support of their Motion for Summary Judgment. First, they assert that the Plaintiff's ERISA claim fails, as a matter of law, because COBRA's requirement, that employers notify individuals of continuing benefit rights, does not apply to group health plans provided by firms that employ fewer than 20 employees, under ERISA's "small business exception." They contend that, even when aggregated with JobTrak's employees, the Defendants never employed more than 20 individuals during the relevant period. Assuming that their Motion is successful against the Plaintiff's sole Federal law Count, the Defendants contend that the Court does not retain subject matter jurisdiction over the remaining State law claims, because there is no diversity of citizenship between the parties. The Defendants challenge the Plaintiff's State law claims, in any event, as barred by the two-year statute of limitations which is applicable to claims for back pay. See, Minnesota Statutes Section 541.07(5).

1. *ERISA and the Small Business Exception.* The sole Federal question, that arises from the Motion before us, is whether COBRA, which amends ERISA so as to entitle certain employees to continued coverage under a health plan, is applicable to the Defendants. If it is not, then the Defendants' failure to provide the notification, which would otherwise be required by COBRA, is of no consequence.

■ a. *Standard of Review.* Under COBRA, plan sponsors of group health insurance policies are required "to provide the opportunity for continuing coverage to beneficiaries who would lose coverage as a result of a qualifying event." *United of Omaha v. Business Men's Assur. Co. of America,* 104 F.3d 1034, 1041 (8th Cir. 1997), citing Title 29 U.S.C. § 1161(a). According to COBRA, upon an employee's termination, the "employer" is obligated to notify the "plan administrator" of the termination within 30 days. Title 29 U.S.C. § 1166. The administrator then notifies the employee of his or her right to elect continued coverage, and the employee has an additional 60 days in which to elect continuation coverage. Title 29 U.S.C. § 1165(1). Congress has exempted small businesses from these provisions, however, by providing that COBRA "shall not apply to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding calendar year." Title 29 U.S.C. § 1161(b).

■ b. *Legal Analysis.* The Plaintiff suggests that the employees of DataTrak and JobTrak must be aggregated, for the purposes of the small business exception, because ERISA defines an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." Title 29 U.S.C. § 1002(5). COBRA has refined this definition by reference to the "common-control" provision of Title 26 U.S.C. § 414(t), which pertains to internal revenue. See, Title 29 U.S.C. § 1167(4). Section 414(t), in turn, incorporates the terms of Section 414(b) of the same Title, which states that "all employees of all corporations which are members of a controlled group of corporations (within the meaning of Section 1563(a)

high

***) shall be treated as employed by a single employer." Title 26 U.S.C. § 414(b). The last link in this chain of references—Section 1563(a)(2)—describes a "Brother-sister controlled group" as "two or more corporations if 5 or fewer persons who are individuals *** own stock possessing" certain percentages of the voting shares of stock. Title 26 U.S.C. § 1563(a)(2). Under this line of statutory authority, JobTrak and DataTrak may, plausibly, be considered as a single "employer" for purposes of COBRA's small business exemption. See, *Kidder v. H & B Marine, Inc.*, 932 F.2d 347, 354, 354–55 (5th Cir.1991); *Carner v. MGS–576 5th Avenue Inc.*, 1996 WL 445366 *8–9 (S.D.N.Y.1996).

However, we need not reach that issue as the Defendants have negated the existence of any genuine dispute that the two companies, even if considered in the aggregate, because, jointly, they never employed more than 18 persons at any time during the years of 1994 and 1995. See, *Supplemental Affidavit of Gary Puffett; Second Supplemental Affidavit of Donald Roepke*.[1] Accordingly, even assuming that the two entities could properly be characterized as a single "employer" for ERISA purposes, the Defendants still qualify for the small business exception set forth in Section 1161(b). The Plaintiff's ERISA claim cannot withstand the Defendants' Motion for Summary Judgment.

■ **2. *Jurisdiction over State Law Claims.*** The Defendants rely upon the undisputed absence of diversity, in the parties' citizenship, to seek the dismissal of the Plaintiff's pendent State law claims. In doing so, they overlook Title 28 U.S.C. § 1367, which vests the District Courts with "supplemental jurisdiction over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Where, as here, all of the claims which fall within our original jurisdiction have been dismissed, the Court may decline to exercise supplemental jurisdiction over pendent state law claims. Title 28 U.S.C. § 1367(c). In deciding whether to exercise supplemental jurisdiction, after we have dismissed the only Federal claim, we are obligated to consider "the stage of the litigation; the difficulty of the state claim; the amount of time and energy necessary for the claim's resolution; and the availability of a state forum." *Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp.*, 5 F.Supp.2d 694, 711 (D.Minn.1998), citing *Marshall v. Green Giant Co.*, 942 F.2d 539, 549 (8th Cir.1991).

In our view, the completion of discovery, as well as the dearth of novel or complex issues of State law, militate in favor of exercising our discretion to retain jurisdiction over this case. See, *Wray v. National R.R. Passenger Corp.*, 10 F.Supp.2d 1036, 1041 (E.D.Wis.1998); *Armstrong v. Lamy*, 938 F.Supp. 1018, 1037 (D.Mass.1996). We recommend, in the interests of judicial economy and fairness to the litigants, that the Court continue to retain jurisdiction over this case until its resolution by Trial, or otherwise.

■ **3. *Statute of Limitations: Back Pay.*** The Defendants' final basis for Summary Judgment is their proposed application of Minnesota's two-year statute of limitations to the Plaintiff's remaining State law claims. Under Minnesota law, a two-year statute of limitations applies to actions "for the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respect-

---

1. When we initially heard argument on this Motion, Roepke had not been deposed, and the Plaintiff's theory of recovery, under ERISA, had not been clearly formulated either in fact, or in law. Given the Plaintiff's *pro se* status, and given the critical dimensions of Roepke's anticipated testimony on the Defendants' Motion for Summary Judgment,

we allowed Roepke's deposition to be taken even though it would, otherwise, be untimely. As reflected in the Record before us, Roepke's deposition, and the evidence as a whole, reveals no genuine issue of material fact as to the applicability of the small business exception to the Defendants.

ing the payment of wages or overtime or damages, fees or penalties ***.'' Minnesota Statutes Section 541.07(5). If the nonpayment of wages is willful, however, and not the result of mistake or inadvertence, then the limitations period is three years. *Id.* "Minnesota courts consistently hold that 'all damages arising out of the employment relationship are subject to [§ 541.07(5) ].'" *Kulinski v. Medtronic Bio–Medicus, Inc.,* 112 F.3d 368, 371 (8th Cir.1997) [parenthetical in original], quoting *Stowman v. Carlson Cos., Inc.,* 430 N.W.2d 490, 493 (Minn.1988). All of the Plaintiff's remaining claims are properly governed by Section 541.07(5).

██ The Defendants' contention, that the Plaintiff's claims accrued when he was hired on December 12, 1994, and are, therefore, barred by the two-year limitations period, is doubly flawed. A contractual cause of action, for lost wages, arises each time a payment is due, but is not paid. See, *Levin v. C.O.M.B. Co.,* 441 N.W.2d 801, 803 (Minn.1989). The Supreme Court, in *Levin,* rejected the Trial Court's ruling that, once the plaintiff "knew or should have known" that he would no longer receive commissions, his claim for all present and future unpaid commissions accrued. The Supreme Court held to the contrary, and ruled that the plaintiff's claims accrued individually, upon each failure of payment. *Id.* at 804. At a minimum, therefore, the Plaintiff's State law claims, for payments that should have been made after October 15, 1995, are not time-barred.

██ Nor have the Defendants established, in any legally cognizable way, that their non-payment of the Plaintiff's wages was the result of mistake or inadvertence. According to the Minnesota Supreme Court, a "willful" failure to pay back wages, that would be covered by the three-year limitations period, would include "the intentional and deliberate breach of an obligation to pay agreed upon wages," as opposed to a knowing failure to pay based upon a misunderstanding of the extent of the contractual obligation. *Levin v.*

*C.O.M.B. Co.,* supra at 805. Ultimately, the alleged willfulness of the Defendant's alleged breach is not a proper question for Summary Judgment. "Unlike other statutes of repose which are designed to dispose of stale claims summarily, the two tiered limitation provided in section 541.07(5) seems almost certainly to demand submission of the question of willfulness to the fact finder so that it can be decided which limitation, two years or three, is applicable." *Id.* Given this interpretation of Minnesota law, by the highest Court of that State, we recommend that the statute of limitations question be reserved for the Jury's resolution, and further recommend that Summary Judgment on the Plaintiff's State law claims be denied.

NOW, THEREFORE, It is—

RECOMMENDED:

1. That the Defendants' Motion for Summary Judgment [Docket No. 10] be granted in part.

2. That Count IV be dismissed with prejudice.

3. That the Motion for Summary Judgment be denied in all other respects.

Feb. 5, 1999.